■ HOWARD S. DIAMOND, Respondent, v DONNA DIAMOND, Appellant. [879 NYS2d 729]—

In an action, inter alia, to set aside a stipulation of settlement, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Snyder, R.), dated November 6, 2006, which, upon a decision dated October 6, 2006, made after a nonjury trial, and upon an order of the same court, also dated November 6, 2006, inter alia, set aside the stipulation of settlement, and (2) an amended order of the same court dated December 8, 2006, which, inter alia, divided a monthly annuity payment equally between the parties.

Ordered that on the Court's own motion, the notice of appeal from the order dated November 6, 2006 is deemed an application for leave to appeal from the amended order, and leave to appeal is granted (see CPLR 5512 [a]; 5701); and it is further,

Ordered that the judgment and the amended order are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties were married for 32 years when they entered into an agreement, in contemplation of a divorce, which provided the defendant with all of the parties' assets, real and personal, separate and marital. The defendant received full title to the former marital residence and the plaintiff was required to pay her sums equal to payments he received in settlement of two personal injury actions arising from motor vehicle accidents, one of which rendered him quadriplegic. Subsequent to the parties' divorce, the plaintiff was compelled by economic necessity to enter a nursing home.

The Supreme Court properly set aside the agreement. The agreement rendered the plaintiff incapable of self-support and therefore was in violation of the provisions of General Obligations Law § 5-311.

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.